■ In the Matter of ANNA KRIMER, an Incompetent Person. MARIA BRICKER, as Committee for ANNA KRIMER, an Incompetent Person, Appellant; WILLIAM D. KRIMER, Respondent.— In a proceeding by the committee of an incompetent person pursuant to section 1377-b of the Civil Practice Act, to discover property claimed to have been withheld by respondent, the incompetent's son, the petitioner (the committee, who is the incompetent's daughter) appeals from an order of the Supreme Court, Queens County, dated April 12, 1961 which dismissed the proceeding on the merits, upon the decision of the court after a nonjury trial. Order affirmed, without costs. No opinion. Brennan, Hill, Rabin and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to reverse the order and to grant a new trial with the following memorandum: On February 20, 1959 the incompetent's husband (now deceased), who was the father of the respondent son, executed a will giving 90% of his $500,000 estate to his son and 10% to his daughter (presently acting as committee of the incompetent). The will was made under circumstances which, in my opinion, require a determination by a jury on the issue of the father's testamentary capacity and on the issues of fraud and undue influence on the part of the son. The transactions with respect to the two bank accounts involved in this proceeding took place subsequent to the execu-

tion of the will. On March 4, 1959, the son and his father went to the bank; the father withdrew $20,000 plus accrued interest from a joint account in the names of the father and his wife (the present incompetent) and deposited the amount withdrawn in a joint account in the names of the father and the son. These moneys were withdrawn by the son in June and July, 1959. On May 4, 1959, an account of over $5,000 in the name of the father in trust for the wife was withdrawn and deposited in a joint account in the names of the father and the son. This money was withdrawn by the son in October 1959. It also appears from the evidence in the pending probate proceeding (*Matter of Krimer*, 16 A D 2d 665) that on March 4, 1959 an account of almost $4,500 was changed from the name of the father to a joint account in the names of the father and the son; that on March 4, 1959 an account of over $26,000 in the name of the father was changed to a joint account in the names of the father and the son; and that in March and April, 1959 the entire proceeds were withdrawn by the son. Under the circumstances, taking into consideration the fact that the father was 83 years old at the time of these transactions and the fact that he had cerebral arteriosclerosis, brain cancer, blindness in the left eye, and glaucoma in the right eye, it is my opinion that a new trial is required in the interests of justice so that all the facts may be ascertained and so that a determination may be reached in this discovery proceeding which would be consistent with the determination ultimately made in the probate proceeding by a jury.